UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TRUFOODS, LLC, )
 )
    Plaintiff, )
 )
v. )
 )
MICHAEL RIGDON (a/k/a Mike Rigdon), ) CAUSE NO. _____
CATHERINE HENDRYX (a/k/a Cathy )
Hendrix), and ) **1 : 11 -cv- 0 4 4 6 JMS -TAB**
PREMEIR FOOD SERVICES, LLC (a/k/a )
Premiere Foodservices, LLC), )
 )
    Defendants. )

FILED
APR 0 1 2011
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

## COMPLAINT

TRUFOODS, LLC ("TRUFOODS") for its complaint against defendants Michael Rigdon (a/k/a Mike Rigdon) ("Rigdon"), Catherine Hendryx (a/k/a Cathy Hendryx) ("Hendryx"), and Premeir Food Services, LLC (a/k/a Premiere Foodservices, LLC) ("PFS") alleges:

### PARTIES, JURISDICTION AND VENUE

1. TRUFOODS is a limited liability company organized under the laws of New Jersey, with its principal place of business in New York. It is owned by AUA TRUFOODS, LLC, a limited liability company organized under the laws of New Jersey, with its principal place of business in New York, which is owned by individuals, none of whom are citizens of Indiana.

2. TRUFOODS is a well-known restaurant owner and franchisor. TRUFOODS owns and operates the Ritter's Frozen Custard Shoppe franchise system.

3. Rigdon and Hendryx are individuals who are citizens of the State of Indiana.

4. PFS is a limited liability company organized under the laws of Indiana with its principal place of business in Indiana. PFS is owned by Rigdon and Hendryx.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law in that TRUFOODS asserts claims under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a). The Court has supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367.

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy with respect to TRUFOODS' claims against the defendants exceeds $75,000, exclusive of interest and costs, and the plaintiff and defendants are of diverse citizenship.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2).

8. This matter is properly brought in this division pursuant to 28 U.S.C. § 94(b)(1).

### THE PARTIES' RELATIONSHIP AND AGREEMENT

9. On or about March 09, 2009, TRUFOODS entered into a franchise agreement with PFS, whereby PFS was to operate a Ritter's Frozen Custard Shoppe, which would use TRUFOODS' "System," and which would display TRUFOODS' interior and exterior trade dress and TRUFOODS "Proprietary Marks," and make use of TRUFOODS' "Proprietary Products," at 10450 Allisonville Road, Fishers, IN 46038, known as Store No. 103 (the "Store 103 Franchise Agreement"). A true and correct copy of the Store 103 Franchise Agreement is attached as *Exhibit 1* and incorporated by reference.

10. By way of Exhibit E-1 to the Store 103 Franchise Agreement, titled "Guarantee, Indemnification, and Acknowledgment," Rigdon and Hendryx, among other things, agreed to guarantee PFS's monetary obligations under the Store 103 Franchise Agreement, and be bound by all covenants contained in certain sections of the Store 103 Franchise Agreement, and acknowledged that their obligations survived any termination of the Store 103 Franchise Agreement.

11. Under the terms of the Store 103 Franchise Agreement, including but not limited to Section 8.2, and Section 1.3.1 of the Operations Manual, the defendants were required to reopen Store 103 for business no later than March 1, 2011.

12. The defendants failed to reopen Store 103 no later than March 1, 2011, after closing store 103 in 2010 for the winter. That failure constitutes a default under the Store 103 Franchise Agreement.

13. On or about March 1, 2011, TRUFOODS, through its New York attorney, sent PFS notice to cure its default within seven days (the "March 1, 2011 Notice to Cure"). A true and correct copy of the March 1, 2011 Notice to Cure is attached as *Exhibit 2*.

14. The defendants failed to cure the default.

15. On March 15, 2011 TRUFOODS, through its New York attorney, sent PFS notice of termination due to the defendants' failure to cure the default (the "March 15, 2011 Notice of Termination"). A true and correct copy of the March 15, 2011 Notice of Termination is attached as *Exhibit 3*.

16. In the March 15, 2011 Notice of Termination, TRUFOODS noted the post-termination obligations under the Store 103 Franchise Agreement, and reminded the defendants that the Proprietary Marks are property of TRUFOODS, and that the defendants could no longer use the Proprietary Marks.

17. The post-termination obligations are set forth in Section 17 of the Store 103 Franchise Agreement, which provides that the defendants are required to take the following actions, among other requirements: (1) stop operating and do not directly or indirectly represent to the public or hold one's self out as a present or former operator in connection with the operation of any other business; (2) immediately and permanently cease using in any manner whatsoever any confidential methods, procedures, and techniques associated with the System, the Proprietary Mark "Ritter's Frozen Custard," and all other Proprietary Marks and distinctive forms, slogans, signs, symbols, and devices associated with the System, including but not limited to all signs, marketing materials, displays, stationary, forms, products, and any other articles with display the Proprietary Marks; (3) not use any reproduction, counterfeit copy or colorable imitation of the Proprietary Marks in connection with any other business which might cause confusion, mistake, deception, or utilize any designation of origin, description, or representation which suggests or represents a present or former association or connection with Franchisor, the System, or the Proprietary Marks; (4) deliver to TRUFOODS all records, computer disks, correspondence, and instructions containing confidential information relating to the operation of the Franchise Shoppe (and any copies thereof); and (5) pay TRUFOODS liquidated damages for lost royalties.

18. Rather than honoring the terms and requirements of the Store 103 Franchise Agreement, the defendants made plans to open and operate, and opened and began operating a

competing business, known as "Coney Island Custard and Hot Dogs" at a location where another Ritter's Frozen Custard Shoppe was formerly operated, located at 5530 East U.S. Highway 36, Avon, IN, 46123 (the "Competing Business").

19. The Ritter's Frozen Custard Shoppe franchise system has used a number of legally protected trademarks, trade dresses, and design elements in connection with its business.

20. TRUFOODS has adopted and used in interstate commerce a number of trademarks (the "Marks"), which have been registered with the United States Patent and Trademark Office in connection with its operation of Ritter's Frozen Custard Shoppes and its franchise system.

21. TRUFOODS is the owner of the following United States Federal Trademark Registrations:

| Registration No. | Mark | Date of Registration | International classes | Image |
|---|---|---|---|---|
| 1,976,078 | RITTER'S FROZEN CUSTARD | May 28, 1996 | 42: Retail frozen dairy product store services | |
| 2,706,642 | RITTER'S FROZEN CUSTARD TASTE THE DIFFERENCE! | April 15, 2003 | 35: Retail frozen dairy product store services | *[Ritter's Frozen Custard logo]* |
| 2,801,455 | CUBBY PAWS | December 30, 2003 | 30: Ice cream sandwiches | |

| 3,322,584 | RITTER'S FROZEN CUSTARD LEGENDARY ICE CREAM | October 30, 2007 | 30: Ice cream; ice cream drinks; ice cream sandwiches; ice-cream cakes | RITTER'S FROZEN CUSTARD LEGENDARY ICE CREAM |

22. TRUFOODS has used the Marks to identify its business activities and products in interstate commerce in connection with Ritter's Frozen Custard Shoppes and its franchise system, and the Marks are intended to distinguish TRUFOODS' activities in this regard from those who are not so authorized. In addition, TRUFOODS has prominently displayed the Marks in its advertising materials. TRUFOODS has acquired a valuable reputation and goodwill among the public as a result of such consumer association. The Marks have developed a secondary meaning associating them with TRUFOODS.

23. The Marks continue to be used and displayed by the defendants, including at and in connection with operating the Competing Business, despite the fact that the defendants have no right or license license to use the Marks.

24. The Store 103 Franchise Agreement required the defendants to stop using the Marks upon termination of the Store 103 Franchise Agreements. The defendants never had any right to use the Marks at a location other than at Store 103.

25. In addition, TRUFOODS is the owner of the distinctive trade dress used in Ritter's Frozen Custard Shoppe locations. Such trade dress consists of blue, aqua and white colors on the building, umbrellas and signage; the distinctive shape and design of the building itself; and distinct signage and other non-functional design elements used in Ritter's Frozen

Custard Shoppe locations comprising the overall look and feel of a Ritter's Frozen Custard Shoppe location (collectively "Ritter's Trade Dress"). Ritter's Trade Dress makes a Ritter's Frozen Custard Shoppe location immediately identifiable to consumers.

26. The Ritter's Trade Dress is independent of any functional aspects of the Ritter's Frozen Custard Shoppe locations.

27. In connection with the defendants' operation of the Competing Business, the defendants have used and/or displayed the Proprietary Marks, used the System, held themselves out as a former or current Ritter's Frozen Custard Shoppe franchisee, represented that the products being sold are the same as what is sold at a Ritter's Frozen Custard Shoppe, used confidential methods, procedures, techniques associated with the Ritter's System, displayed distinctive forms, slogans, signs, symbols and devices associated with a Ritter's Frozen Custard Shoppe, and used Ritter's Trade Dress without authorization.

## COUNT I – REGISTERED TRADEMARK INFRINGEMENT

28. TRUFOODS incorporates the allegations in paragraph 1 through 27 as if fully stated herein.

29. TRUFOODS as owner of all right, title and interest in and to the Marks, has standing to maintain an action for trademark infringement under the Federal Trademark Statute, Lanham Act § 32(1), 15 U.S.C. § 1114(1).

30. The defendants have, without TRUFOODS' consent, used a reproduction, copy and/or colorable imitation of the Marks in commerce on or in connection with the sale, offering for sale, distribution and/or advertising of goods and services.

31. The defendants have done so by displaying the Marks in the operation of the Competing Business.

32. Such use of the Marks in interstate commerce, without TRUFOODS' permission or authority, creates a likelihood of confusion and mistake and deceives the public as to the defendants' status as a franchisee, and is so intended by the defendants.

33. The foregoing conduct has confused, and is likely to confuse, the public into believing that the defendants' operation of the Competing Business is authorized by TRUFOODS.

34. TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trademark infringement by the defendants. Unless an injunction is granted, the defendants will continue to infringe the Marks and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with the Marks.

WHEREFORE, TRUFOODS prays that the Court grant it injunctive relief, including a temporary restraining order and/or preliminary injunction and permanent injunctive relief that enjoins and restrains the defendants from using its Marks in any way; enter judgment against the defendants; award TRUFOODS its damages, attorney's fees and costs; and all other appropriate relief.

### COUNT II – COMMON LAW TRADEMARK INFRINGEMENT

35. TRUFOODS incorporates the allegations in paragraph 1 through 34 as if fully stated herein.

36. The Marks are inherently distinctive.

37. TRUFOODS and its predecessor(s) acquired secondary meaning in the Marks.

38. The defendants have, without TRUFOODS' consent, used a reproduction, copy and/or colorable imitation of the Marks in commerce on or in connection with the sale, offering for sale, distribution and/or advertising of goods and services.

39. The defendants have done so by displaying the Marks in the operation of the Competing Business.

40. Such use of the Marks in interstate commerce, without TRUFOODS' permission or authority, constitutes common law trademark infringement.

41. TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of common law trademark infringement by the defendants. Unless an injunction is granted, the defendants will continue to infringe the Marks and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with the Marks.

WHEREFORE, TRUFOODS prays that the Court grant it injunctive relief, including a temporary restraining order and/or preliminary injunction and permanent injunctive relief that enjoins and restrains the defendants from using the Marks in any way; enter judgment against the defendants; award TRUFOODS its damages, attorney's fees and costs; and all other appropriate relief.

## COUNT III – TRADE DRESS INFRINGEMENT

42. TRUFOODS incorporates the allegations in paragraph 1 through 41 as if fully stated herein.

43. Ritter's Trade Dress is used in commerce, is non-functional, has acquired secondary meaning in the marketplace, and is distinctive.

44. Defendants, without authorization from TRUFOODS, has used Ritter's Trade Dress in operating the Competing Business.

45. The foregoing acts of defendants in using Ritter's Trade Dress are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate Ritter's Trade Dress with Ritter's Frozen Custard Shoppe locations and TRUFOODS. In addition, the foregoing conduct has confused, and is likely to confuse, the public into believing that the defendants' operation of the Competing Business is authorized by TRUFOODS.

46. Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trade dress infringement by the defendants. Unless an injunction is granted, the defendants will continue to infringe Ritter's Trade Dress and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with Ritter's Trade Dress.

WHEREFORE, TRUFOODS prays that the Court grant it injunctive relief, including a temporary restraining order and/or preliminary injunction and permanent injunctive relief that enjoins and restrains the defendants from using Ritter's Trade Dress in any way; enter judgment against the defendants; award TRUFOODS its damages, attorney's fees and costs; and all other appropriate relief.

## COUNT IV – UNFAIR COMPETITION UNDER INDIANA COMMON LAW

48. TRUFOODS incorporates the allegations in paragraph 1 through 47 as if fully stated herein.

49. The defendants have, without authorization, used in commerce TRUFOODS' Marks, Ritter's Trade Dress, and other identifying information, and/or has made false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendants and the Competing Business with TRUFOODS, and/or as to the origin, sponsorship or approval of the defendants' goods or services or other commercial activities.

50. The defendants' activities have been committed with knowledge of TRUFOODS' exclusive rights and goodwill, as well as with bad faith and intent to cause confusion, or to cause mistake and/or to deceive.

51. The foregoing conduct has confused, and is likely to confuse, the public into believing that the defendants' operation of the Competing Business is authorized by TRUFOODS.

52.     TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of the defendants. Unless an injunction is granted, the defendants will continue to infringe the Marks and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with the Marks.

WHEREFORE, TRUFOODS prays that the Court grant it injunctive relief, including a temporary restraining order and/or preliminary injunction and permanent injunctive relief that enjoins and restrains the defendants from using its Marks in any way; enter judgment against the defendants; award TRUFOODS its damages, attorney's fees and costs; and all other appropriate relief.

### COUNT V – BREACH OF CONTRACT (DAMAGES)

53.     TRUFOODS incorporates the allegations in paragraph 1 through 52 as if fully stated herein.

54.     The defendants have breached the Store 103 Franchise Agreement.

55.     TRUFOODS has suffered injury and damages in excess of $75,000 as the proximate result of the defendants' breaches of the Store 103 Franchise Agreement.

56.     The Store 103 Franchise Agreement contains an attorney fees provisions that entitles TRUFOODS to an award of its attorneys' fees in the event it prevails in this action.

WHEREFORE, TRUFOODS prays that the Court enter judgment in favor of TRUFOODS and against the defendants, award TRUFOODS its damages and attorney's fees and costs, and all other appropriate relief.

64. Rigdon and Hendryx are personally liable to TRUFOODS for their own conduct, but are also liable to TRUFOODS as guarantors of PFS' obligations under the Store 103 Franchise Agreement.

WHEREFORE, TRUFOODS prays that the Court enter judgment in favor of TRUFOODS and against Rigdon and Hendryx on their guarantees, award TRUFOODS its damages and attorney's fees and costs, and all other appropriate relief.

_____
Bart A. Karwath
Jennifer L. Schuster

Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204

Telephone:  (317) 231-7252
Facsimile:  (317) 231-7433

Attorneys for Plaintiff TRUFOODS, LLC

INDS02 BAK 1159330v1

- 14 -