UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUFOODS, LLC, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|         v. | ) |
| | ) |
| MICHAEL RIGDON (a/k/a Mike Rigdon), | ) |
| CATHERINE HENDRYX (a/k/a Cathy | ) Cause No. 1:11-cv-00446-JMS-TAB |
| Hendryx),  PREMEIR FOOD SERVICES, | ) |
| LLC (a/k/a Premiere Foodservices, LLC), | ) |
| and CONEY ISLAND CUSTARD & | ) |
| DOGS LLC, | ) |
| | ) |
|         Defendants. | ) |
| | |
| MICHAEL RIGDON (a/k/a Mike Rigdon), | ) |
| CATHERINE HENDRYX (a/k/a Cathy | ) |
| Hendryx),  PREMEIR FOOD SERVICES, | ) |
| LLC (a/k/a Premiere Foodservices, LLC), | ) |
| and CONEY ISLAND CUSTARD & | ) |
| DOGS LLC, | ) |
| | ) |
|         Counterclaim Plaintiffs, | ) |
| | ) |
|         v. | ) |
| | ) |
| TRUFOODS, LLC, | ) |
| | ) |
|         Counterclaim Defendant. | ) |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO AMENDED COMPLAINT

Defendants Michael Rigdon (a/k/a Mike Rigdon) ("Rigdon"), Catherine Hendryx (a/k/a

Cathy Hendryx) ("Hendryx"), Premeir Food Services, LLC (a/k/a Premiere Foodservices, LLC)

("PFS"), and Coney Island Custard & Dogs LLC ("Coney Island Custard") (collectively in any

combination, "Defendants") for their Answer, Affirmative and Counterclaims to Plaintiff Truefoods, LLC ("TruFoods") Amended Complaint, state as follows:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.      TRUFOODS is a limited liability company organized under the laws of New Jersey, with its principal place of business in New York.  It is owned by AUA TRUFOODS, LLC, a limited liability company organized under the laws of New Jersey, with its principal place of business in New York, which is owned by individuals, none of whom are citizens of Indiana.

**ANSWER:**    Defendants admit the material allegations set forth in paragraph 1.

2.      TRUFOODS is a well-known restaurant owner and franchisor.  TRUFOODS owns and operates the Ritter's Frozen Custard Shoppe franchise system.

**ANSWER:**    Defendants admit the material allegations set forth in paragraph 2.

3.      Rigdon and Hendryx are individuals who are citizens of the State of Indiana.

**ANSWER:**    Defendants admit the material allegations set forth in paragraph 3.

4.      PFS is a limited liability company organized under the laws of Indiana with its principal place of business in Indiana.  PFS is owned by Rigdon and Hendryx.

**ANSWER:**    Defendants admit the material allegations set forth in paragraph 4.

5.      Coney Island Custard is a limited liability company organized under the laws of Indiana with its principal place of business in Indiana. Upon information and belief, Coney Island Custard is owned by Rigdon and/or Hendryx.

**ANSWER:**   Defendants admit the material allegations set forth in paragraph 5.

6.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law in that TRUFOODS asserts claims under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).   The Court has supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367.

**ANSWER:**   Defendants admit the material allegations set forth in paragraph 6.

7.   This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.   The amount in controversy with respect to TRUFOODS' claims against the defendants exceeds $75,000, exclusive of interest and costs, and the plaintiff and defendants are of diverse citizenship.

**ANSWER:**   Defendants admit the material allegations set forth in paragraph 7.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2).

**ANSWER:**   Defendants admit the material allegations set forth in paragraph 8.

9.   This matter is properly brought in this division pursuant to 28 U.S.C. § 94(b)(1).

**ANSWER:**   Defendants admit the material allegations set forth in paragraph 9.

## THE PARTIES' RELATIONSHIP AND AGREEMENT

10.   On or about March 9, 2009, TRUFOODS entered into a franchise agreement with PFS, whereby PFS was to operate a Ritter's Frozen Custard Shoppe, which would use TRUFOODS' "System," and which would display TRUFOODS' interior and exterior trade dress and TRUFOODS "Proprietary Marks," and make use of TRUFOODS' "Proprietary Products," at

10450 Allisonville Road, Fishers, IN 46038, known as Store No. 103 (the "Store 103 Franchise Agreement"). A true and correct copy of the Store 103 Franchise Agreement is attached as *Exhibit 1* and incorporated by reference.

> **ANSWER:** Defendants admit to entering into a franchise agreement, the effective date of which is March 11, 2009. The remaining portions of Paragraph 10 are denied.

11. By way of Exhibit E-1 to the Store 103 Franchise Agreement, titled "Guarantee, Indemnification, and Acknowledgment," Rigdon and Hendryx, among other things, agreed to guarantee PFS's monetary obligations under the Store 103 Franchise Agreement, and be bound by all covenants contained in certain sections of the Store 103 Franchise Agreement, and acknowledged that their obligations survived any termination of the Store 103 Franchise Agreement.

> **ANSWER:** Paragraph 11 does not assert a factual allegation, but rather a legal conclusion derived from the interpretation of a document. To the extent that Paragraph 11 can be seen to assert a material factual allegation, it is denied.

12. Under the terms of the Store 103 Franchise Agreement, including but not limited to Section 8.2, and Section 1.3.1 of the Operations Manual, PFS, Rigdon and Hendryx were required to reopen Store 103 for business no later than March 1, 2011.

> **ANSWER:** Paragraph 12 does not assert a factual allegation, but rather a legal conclusion derived from the interpretation of a document. To the extent that Paragraph 12 can be seen to assert a material factual allegation, it is denied.

13.     PFS, Rigdon and Hendryx failed to reopen Store 103 no later than March 1, 2011, after closing Store 103 in 2010 for the winter.  That failure constitutes a default under the Store 103 Franchise Agreement.

**ANSWER:**    Defendants admit that PFS, Rigdon, and Hendryx did not open Store 103 after March 1, 2011.  The remaining portions of Paragraph 13 are denied.

14.     On or about March 1, 2011, TRUFOODS, through its New York attorney, sent PFS notice to cure its default within seven days (the "March 1, 2011 Notice to Cure").  A true and correct copy of the March 1, 2011 Notice to Cure is attached as **Exhibit 2**.

**ANSWER:**    Defendants admit the material allegations set forth in paragraph 14.

15.     PFS, Rigdon and Hendryx failed to cure the default.

**ANSWER:**    Paragraph 15 does not assert a factual allegation, but rather a legal conclusion.  To the extent that Paragraph 15 can be seen to assert a material factual allegation, it is denied.

16.     On March 15, 2011 TRUFOODS, through its New York attorney, sent PFS notice of termination due to the failure of PFS, Rigdon and Hendryx to cure the default (the "March 15, 2011 Notice of Termination").  A true and correct copy of the March 15, 2011 Notice of Termination is attached as **Exhibit 3**.

**ANSWER:**    Defendants admit the material allegations set forth in paragraph 16.

17.     In the March 15, 2011 Notice of Termination, TRUFOODS noted the post-termination obligations under the Store 103 Franchise Agreement, and reminded PFS, Rigdon

and Hendryx that the Proprietary Marks are property of TRUFOODS, and that they could no longer use the Proprietary Marks.

> **ANSWER:**   Paragraph 17 does not assert a material factual allegation, but rather merely recites the contents of a document which can speak for itself and should be read in its entirety.   To the extent that Paragraph 17 can be read to assert a material factual allegation against Defendants, it is denied.

18.   The post-termination obligations are set forth in Section 17 of the Store 103 Franchise Agreement, which provides that PFS, Rigdon and Hendryx are required to take the following actions, among other requirements:  (1) stop operating and do not directly or indirectly represent to the public or hold one's self out as a present or former operator in connection with the operation of any other business; (2) immediately and permanently cease using in any manner whatsoever any confidential methods, procedures, and techniques associated with the System, the Proprietary Mark "Ritter's Frozen Custard," and all other Proprietary Marks and distinctive forms, slogans, signs, symbols, and devices associated with the System, including but not limited to all signs, marketing materials, displays, stationary, forms, products, and any other articles with display the Proprietary Marks; (3)   not use any reproduction, counterfeit copy or colorable imitation of the Proprietary Marks in connection with any other business which might cause confusion, mistake, deception, or utilize any designation of origin, description, or representation which suggests or represents a present or former association or connection with Franchisor, the System, or the Proprietary Marks; (4) deliver to TRUFOODS all records, computer disks, correspondence, and instructions containing confidential information relating to the operation of the Franchise Shoppe (and any copies thereof); and (5) pay TRUFOODS liquidated damages for lost royalties.

**ANSWER:**   Paragraph 18 does not assert a material factual allegation, but rather merely recites the contents of a document which can speak for itself and should be read in its entirety.   To the extent that Paragraph 18 can be read to assert a material factual allegation against Defendants, it is denied.

19.     Rather than honoring the terms and requirements of the Store 103 Franchise Agreement, the defendants made plans to open and operate, and opened and began operating a competing business, known as "Coney Island Custard and Hot Dogs" at a location where another Ritter's Frozen Custard Shoppe was formerly operated, located at 5530 East U.S. Highway 36, Avon, IN, 46123 (the "Competing Business").

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 19.

20.     The Ritter's Frozen Custard Shoppe franchise system has used a number of legally protected trademarks, trade dresses, and design elements in connection with its business.

**ANSWER:**   Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 and they are therefore denied.

21.     TRUFOODS has adopted and used in interstate commerce a number of trademarks (the "Marks"), which have been registered with the United States Patent and Trademark Office in connection with its operation of Ritter's Frozen Custard Shoppes and its franchise system.

**ANSWER:**   Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 21 and they are therefore denied.

22. TRUFOODS is the owner of the following United States Federal Trademark Registrations:

| Registration No. | Mark | Date of Registration | International classes | Image |
|---|---|---|---|---|
| 1,976,078 | RITTER'S FROZEN CUSTARD | May 28, 1996 | 42: Retail frozen dairy product store services | |
| 2,706,642 | RITTER'S FROZEN CUSTARD TASTE THE DIFFERENCE! | April 15, 2003 | 35: Retail frozen dairy product store services |  |

| Registration No. | Mark | Date of Registration | International classes | Image |
|---|---|---|---|---|
| 2,801,455 | CUBBY PAWS | December 30, 2003 | 30: Ice cream sandwiches | |
| 3,322,584 | RITTER'S FROZEN CUSTARD LEGENDARY ICE CREAM | October 30, 2007 | 30: Ice cream; ice cream drinks; ice cream sandwiches; ice-cream cakes | RITTER'S FROZEN CUSTARD LEGENDARY ICE CREAM |

**ANSWER:**     Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 22 and they are therefore denied.

23.     TRUFOODS has used the Marks to identify its business activities and products in interstate commerce in connection with Ritter's Frozen Custard Shoppes and its franchise system, and the Marks are intended to distinguish TRUFOODS' activities in this regard from those who are not so authorized.  In addition, TRUFOODS has prominently displayed the Marks in its advertising materials. TRUFOODS has acquired a valuable reputation and goodwill among the public as a result of such consumer association. The Marks have developed a secondary meaning associating them with TRUFOODS.

**ANSWER:**     Defendants deny the material allegations set forth in paragraph 23.

24.     The Marks continue to be used and displayed by the defendants, including at and in connection with operating the Competing Business, despite the fact that the defendants have no right or license to use the Marks.

**ANSWER:**     Defendants deny the material allegations set forth in paragraph 24.

25.     The Store 103 Franchise Agreement required PFS, Rigdon and Hendryx to stop using the Marks upon termination of the Store 103 Franchise Agreements.  PFS, Rigdon and Hendryx never had any right to use the Marks at a location other than at Store 103.

**ANSWER:**   Paragraph 25 does not assert a factual allegation, but rather a legal conclusion derived from the interpretation of a document.  To the extent that Paragraph 25 can be seen to assert a material factual allegation, it is denied.

26.     In addition, TRUFOODS is the owner of the distinctive trade dress used in Ritter's Frozen Custard Shoppe locations. Such trade dress consists of blue, aqua and white colors on the building, umbrellas and signage; the distinctive shape and design of the building itself; and distinct signage and other non-functional design elements used in Ritter's Frozen Custard Shoppe locations comprising the overall look and feel of a Ritter's Frozen Custard Shoppe location (collectively "Ritter's Trade Dress"). Ritter's Trade Dress makes a Ritter's Frozen Custard Shoppe location immediately identifiable to consumers.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 26.

27.     The Ritter's Trade Dress is independent of any functional aspects of the Ritter's Frozen Custard Shoppe locations.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 27.

28.     In connection with the defendants' operation of the Competing Business, the defendants have used and/or displayed the Proprietary Marks, used the System, held themselves out as a former or current Ritter's Frozen Custard Shoppe franchisee, represented that the products being sold are the same as what is sold at a Ritter's Frozen Custard Shoppe, used

confidential methods, procedures, techniques associated with the Ritter's System, displayed distinctive forms, slogans, signs, symbols and devices associated with a Ritter's Frozen Custard Shoppe, and used Ritter's Trade Dress without authorization.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 28.

### COUNT I – REGISTERED TRADEMARK INFRINGEMENT (AGAINST ALL DEFENDANTS)

29.   TRUFOODS incorporates the allegations in paragraph 1 through 28 as if fully stated herein.

**ANSWER:**   Defendants incorporate by reference their answers to the preceding paragraphs as if fully set forth herein.

30.   TRUFOODS as owner of all right, title and interest in and to the Marks, has standing to maintain an action for trademark infringement under the Federal Trademark Statute, Lanham Act § 32(1), 15 U.S.C. § 1114(1).

**ANSWER:**   Defendants admit that Trufoods purports to bring this action under the Federal Trademark Statute, Lanham Act.  The remaining portions of Paragraph 30 are denied.

31.   The defendants have, without TRUFOODS' consent, used a reproduction, copy and/or colorable imitation of the Marks in commerce on or in connection with the sale, offering for sale, distribution and/or advertising of goods and services.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 31.

32.     The defendants have done so by displaying the Marks in the operation of the Competing Business.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 32.

33.     Such use of the Marks in interstate commerce, without TRUFOODS' permission or authority, creates a likelihood of confusion and mistake and deceives the public as to the defendants' status as a franchisee, and is so intended by the defendants.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 33.

34.     The foregoing conduct has confused, and is likely to confuse, the public into believing that the defendants' operation of the Competing Business is authorized by TRUFOODS.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 34.

35.     TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trademark infringement by the defendants. Unless an injunction is granted, the defendants will continue to infringe the Marks and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with the Marks.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 35.

WHEREFORE, Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

<u>COUNT II – COMMON LAW TRADEMARK INFRINGEMENT (AGAINST ALL
DEFENDANTS)</u>

36.     TRUFOODS incorporates the allegations in paragraph 1 through 35 as if fully
stated herein.

**ANSWER:**   Defendants incorporate their responses to the preceding paragraphs as if
fully set forth herein.

37.     The Marks are inherently distinctive.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 37.

38.     TRUFOODS and its predecessor(s) acquired secondary meaning in the Marks.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 38.

39.     The defendants have, without TRUFOODS' consent, used a reproduction, copy
and/or colorable imitation of the Marks in commerce on or in connection with the sale, offering
for sale, distribution and/or advertising of goods and services.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 39.

40.     The defendants have done so by displaying the Marks in the operation of the
Competing Business.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 40.

41.     Such use of the Marks in interstate commerce, without TRUFOODS' permission
or authority, constitutes common law trademark infringement.

**ANSWER:**   Paragraph 41 calls for a legal conclusion and does not assert a material factual allegation against Defendants.  To the extent that Paragraph 41 can be read to assert a material factual allegation against Defendants, it is denied. 41.

42.   TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of common law trademark infringement by the defendants.  Unless an injunction is granted, the defendants will continue to infringe the Marks and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with the Marks.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 42.

WHEREFORE, Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

COUNT III – TRADE DRESS INFRINGEMENT (AGAINST ALL DEFENDANTS)

43.   TRUFOODS incorporates the allegations in paragraph 1 through 42 as if fully stated herein.

**ANSWER:**   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

44.   Ritter's Trade Dress is used in commerce, is non-functional, has acquired secondary meaning in the marketplace, and is distinctive.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 44.

45.     Defendants, without authorization from TRUFOODS, have used Ritter's Trade Dress in operating the Competing Business.

**ANSWER:**     Defendants deny the material allegations set forth in paragraph 45.

46.     The foregoing acts of defendants in using Ritter's Trade Dress are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate Ritter's Trade Dress with Ritter's Frozen Custard Shoppe locations and TRUFOODS. In addition, the foregoing conduct has confused, and is likely to confuse, the public into believing that the defendants' operation of the Competing Business is authorized by TRUFOODS.

**ANSWER:**     Defendants deny the material allegations set forth in paragraph 46.

47.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**     Paragraph 47 calls for a legal conclusion and does not assert a material factual allegation against Defendants.  To the extent that Paragraph 47 can be read to assert a material factual allegation against Defendants, it is denied.

48.     TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of trade dress infringement by the defendants. Unless an injunction is granted, the defendants will continue to infringe Ritter's Trade Dress and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with Ritter's Trade Dress.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 48.

WHEREFORE, Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

## COUNT IV – UNFAIR COMPETITION UNDER INDIANA COMMON LAW (AGAINST ALL DEFENDANTS)

49.    TRUFOODS incorporates the allegations in paragraph 1 through 48 as if fully stated herein.

**ANSWER:**   Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

50.    The defendants have, without authorization, used in commerce TRUFOODS' Marks, Ritter's Trade Dress, and other identifying information, and/or has made false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendants and the Competing Business with TRUFOODS, and/or as to the origin, sponsorship or approval of the defendants' goods or services or other commercial activities.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 50.

51.    The defendants' activities have been committed with knowledge of TRUFOODS' exclusive rights and goodwill, as well as with bad faith and intent to cause confusion, or to cause mistake and/or to deceive.

**ANSWER:**   Defendants deny the material allegations set forth in paragraph 51.

- 16 -

52.     The foregoing conduct has confused, and is likely to confuse, the public into believing that the defendants' operation of the Competing Business is authorized by TRUFOODS.

**ANSWER:**    Defendants deny the material allegations set forth in paragraph 52.

53.     TRUFOODS has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of the defendants.  Unless an injunction is granted, the defendants will continue to infringe the Marks and cause irreparable injury to TRUFOODS from loss of profits and deprivation of the goodwill associated with the Marks.

**ANSWER:**    Defendants deny the material allegations set forth in paragraph 53.

WHEREFORE, Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

## COUNT V – BREACH OF CONTRACT (DAMAGES) (AGAINST RIGDON, HENDRYX, AND PFS)

54.     TRUFOODS incorporates the allegations in paragraph 1 through 53 as if fully stated herein.

**ANSWER:**    Rigdon, Hendryx, and PFS (collectively "Franchise Defendants") incorporate by reference their answers to paragraphs 1 through 53 as if fully set forth herein.

55.     Rigdon, Hendryx, and PFS have breached the Store 103 Franchise Agreement.

**ANSWER:**    Defendants deny the material allegations set forth in paragraph 55.

56.     TRUFOODS has suffered injury and damages in excess of $75,000 as the proximate result of the breaches of the Store 103 Franchise Agreement by Rigdon, Hendryx, and PFS.

**ANSWER:**   Franchise Defendants are without sufficient knowledge to admit or deny the material factual allegations set forth in Paragraph 56 and it is therefore denied.

57.     The Store 103 Franchise Agreement contains an attorney fees provisions that entitles TRUFOODS to an award of its attorneys' fees in the event it prevails in this action.

**ANSWER:**   Defendants admit the material allegations set forth in paragraph 57.

WHEREFORE, Franchise Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

## COUNT VI – BREACH OF CONTRACT (SPECIFIC PERFORMANCE) (AGAINST RIGDON, HENDRYX, AND PFS)

58.     TRUFOODS incorporates the allegations in paragraph 1 through 57 as if fully stated herein.

**ANSWER:**   Franchise Defendants incorporate by reference their responses to paragraphs 1 through 57 as if fully set forth herein.

59.     The Store 103 Franchise Agreement provides that Rigdon, Hendryx, and PFS must cease using all of the Marks upon termination and must return all property containing the Marks to TRUFOODS.

**ANSWER:**   Franchise Defendants admit the material allegations set forth in paragraph 59.

60.     Rigdon, Hendryx, and PFS continue to use the Marks in violation of the Store 103 Franchise Agreement and have not returned any of the property containing the Marks.

**ANSWER:**   Franchise Defendants deny the material allegations set forth in paragraph 60.

61.     TRUFOODS has been and will be irreparably injured to the extent that Rigdon, Hendryx, and PFS continue to use the Marks.

**ANSWER:**   Franchise Defendants deny the material allegations set forth in paragraph 61.

62.     TRUFOODS is entitled to specific performance of the Store 103 Franchise Agreement to prevent Rigdon, Hendryx, and PFS from any further use of the Marks.

**ANSWER:**   Franchise Defendants deny the material allegations set forth in paragraph 62.

WHEREFORE, Franchise Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

## COUNT VII – ENFORCEMENT OF GUARANTEES (AGAINST RIGDON AND HENDRYX)

63.     TRUFOODS incorporates the allegations in paragraph 1 through 62 as if fully stated herein.

**ANSWER:**   Rigdon and Hendryx (collectively "Guaranty Defendants") incorporate by reference their responses to paragraphs 1 through 62 as if fully set forth herein.

64.     TRUFOODS has suffered injury and damages as the proximate result of the breaches of the Franchise Documents.

**ANSWER:**    Guaranty Defendants deny the material allegations set forth in paragraph 64.

65.     Rigdon and Hendryx are personally liable to TRUFOODS for their own conduct, but are also liable to TRUFOODS as guarantors of PFS' obligations under the Store 103 Franchise Agreement.

**ANSWER:**    Guaranty Defendants deny the material allegations set forth in paragraph 65.

WHEREFORE, Guaranty Defendants pray that Trufoods, LLC takes nothing by way of its Amended Complaint and for all other appropriate relief.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted against Defendants.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of impossibility.

6.     Plaintiff's claims are barred by the Indiana Franchise Disclosure Act and the Indiana Franchise Deceptive Practices Act.

7.     Plaintiff's claims are barred by the plaintiff's unclean hands and fraudulent acts.

8.      Plaintiff's claims are barred because Defendants' use of the alleged trade dress is a fair use or does not constitute trademark usage.

9.      Plaintiff's claims are barred because Defendants' use of any of works owned by plaintiff and protected by copyright is a fair use.

10.      Plaintiff's claims are barred, in whole or in part, pursuant to doctrine and affirmative defense of set off.

11.      Plaintiff's claims are barred, in whole or in part, by the doctrine and affirmative defense of abandonment.

12.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's trade dress design is not inherently distinctive.

13.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's trade dress design is generic and does not have secondary meaning among consumer.

14.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's trade dress design is functional.

15.      Plaintiff's damages under its claim for breach of franchise agreement are capped by that documents liquidated damages provision.

16.      Plaintiff's claims are frivolous, groundless, and baseless.

17.      Defendants reserve the right to supplement and / or assert additional defenses or alter and change their defenses upon the discovery of additional evidence and/or more definitive facts arising in continuing investigation and discovery.

## **COUNTERCLAIMS**

Counterclaim Plaintiffs Michael Rigdon (a/k/a Mike Rigdon) ("Rigdon"), Catherine Hendryx (a/k/a Cathy Hendryx) ("Hendryx"), Premeir Food Services, LLC (a/k/a Premiere

Foodservices, LLC) ("PFS") (collectively "Franchise Defendants") for their counterclaim against Truefoods, LLC ("TruFoods") state as follows:

**PARTIES**

1.      Rigdon and Hendryx are citizens of the State of Indiana.

2.      PFS is an Indiana limited liability company with its principal place of business in Indiana.  Rigdon and Hendryx are members of PFS.

3.      TRUFOODS is a limited liability company organized under the laws of New Jersey, with its principal place of business in New York.  It is owned by AUA TRUFOODS, LLC, a limited liability company organized under the laws of New Jersey, with its principal place of business in New York, which is owned by individuals, none of whom are citizens of Indiana.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to its supplemental jurisdiction under 28 U.S. C. § 1367. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The amount in controversy with respect to Franchise Defendant's claims against the plaintiff exceeds $75,000, exclusive of interest and costs, and the plaintiff and defendants are of diverse citizenship.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 13391(a)(2) and (b)(2).

**UNDERLYING FACTUAL BASIS**

6.      On October 20, 2008, Rigdon approached a representative of Trufoods to discuss investment opportunities in a Ritter's Frozen Custard location.

7.      The representative initially advised Rigdon of opportunities at a location on Shadeland Avenue in Indianapolis, Indiana, and at a location in Anderson, Indiana.

- 22 -

8.      Shortly thereafter, Rigdon approached the same representative about the Ritter's location at 10450 Allisonville Road, Fishers, IN  46038, known as Store No. 103 ("Store 103").

9.      The representative advised Rigdon of the owner's identify, Ukan, LLC and Rigdon contacted them and their realtor about the location.

10.     Ukan HLC, LLC ("Ukan") is an Indiana Limited Liability Company with its principle place of business located at 5820 Graham Court, Indianapolis, IN 46250.

11.     Members of Ukan and their agent communicated with Ridgon and represented to him the yearly sales and profits of Store 103.

12.     Trufoods, through its representative, informed Rigdon that they did not keep those sales figures.

13.     Rigdon approached a representative of Trufoods about purchasing the franchise license and re-opening Store 103.

14.     Trufoods indicated, through its representative, that the cost of the license would be $10,000.

15.     Franchise Defendants, relying on the Trufoods' representations, secured a lease of the building for Store 103.

16.     Franchise Defendants, relying upon the Trufoods representations, purchased the equipment and items from the Ritter's location in Anderson.

17.     After purchasing the equipment and expending funds on the building, Trufoods advised Franchise Defendants that the amount to purchase the franchise would actually be $25,000.

18.     Having expended already expended considerable funds, Franchise Defendants entered into the Franchise Agreement and opened the Store 103 location in April 2009.

19.     Shortly thereafter, Chuck Moore, a representative of Ritter's, provided Franchise Defendants with the historic sales and profits figures for Store 103, showing the sales and profits for that location to be significantly lower than previously represented.

20.     Franchise Defendants operated the Store 103 location through the 2009 and 2010 seasons.

21.     In August 2010, Franchise Defendants approached Trufoods about transferring their franchise to a location in Avon.

22.     Trufoods informed Franchise Defendants that it would cost them $20,000 to transfer their franchise.

23.     Upon information and belief, in that same time period, Trufoods allowed another franchisee to transfer his franchise to another location for free.

24.     In February 2011, Franchise Defendants informed Trufoods that they could not open the Store 103 location due to the termination of their lease and the fact that all of their equipment remained intact in the Store 103 location to which they no longer had access.

25.     Trufoods then terminated their franchise agreement.

26.     Franchise Defendants subsequently opened Coney Island Custard in Avon, selling hot dogs, coney dogs, other food items, and ice cream in a building in Avon that had been vacant for the previous four years.

### Count I: Fraudulent Inducement

27.     Franchise Defendants incorporate by reference Paragraphs 1 through 26 of the Counterclaim as if fully set forth herein.

28.     Trufoods had or should have had knowledge that Store 103 did not conduct the amount of business it represented to conduct and that, as such, the value was overstated.

29.     Trufoods, and/or its representatives, knew or should have known that the sales and profit statements were false.

30.     Trufoods perpetuated the material misrepresentation of the existing facts related to the sales and profits with knowing or reckless ignorance of its falsity.

31.     Franchise Defendants relied on the misrepresentations to their detriment.

32.     Franchise Defendants suffered damages as a result of their reliance.

WHEREFORE, Counterclaim-Plaintiffs Catherine A. Hendryx, Michael Rigdon, and Premeir Food Services, LLC pray this Court find the original Franchise Agreement to be void and rescinded and for all other just and proper relief.

### Count II:  Violation of the Indiana Franchise Disclosure Act.

33.     Franchise Defendants incorporate by reference Paragraphs 1 through 32 of their Counterclaim as if fully set forth herein.

34.     Indiana Code § 23-2-2.5-7 (the "Indiana Franchise Disclosure Act") prohibits any person from employing a device or scheme to defraud in connection with the sale or purchase of a franchise.

35.     The Indiana Franchise Disclosure Act prohibits a party from lying about a material fact or omitting a material fact in order to be misleading in the sale or purchase of a franchise.

36.     The Indiana Franchise Disclosure Act prohibits a party from engaging in an act which operates or would operate as a fraud or deceit upon any person in the sale or purchase of a franchise.

37.     During its course of dealings associated with the sale of its franchise to Franchise Defendants, Trufoods engaged in all of these prohibited acts.

38.     Trufoods knew of the facts concerning its violation of the Indiana Franchise Disclosure Act.

39.     As a result of Trufoods actions, Franchise Defendants suffered consequential damages.

40.     Under the Indiana Franchise Disclosure Act, Franchise Defendants may recover consequential damages, pre-judgment interest, and reasonable attorneys' fees.

WHEREFORE, Counterclaim-Plaintiffs Catherine A. Hendryx, Michael Rigdon, and Premeir Food Services, LLC pray this Court enter judgment in their favor in an amount they prove plus prejudgment interest and reasonable attorneys' fees and for all other just and proper relief.

### Count III:  Violation of Indiana Deceptive Franchise Practices Act

41.     Franchise Defendants incorporate paragraphs 1 through 40 of their counterclaim as if fully set forth herein.

42.     Indiana Code § 23-2-2.7-2(5) ("Indiana Deceptive Franchise Practices Act") makes it unlawful for any franchisor to discriminate unfairly among its franchisees.

43.     Trufoods violated the Indiana Deceptive Franchise Practices Act by treating similarly situated franchisees differently than it treated Franchise Defendants.

44.     As a result of Trufoods violation of the Indiana Deceptive Franchise Practices Act, Franchise Defendants suffered damages.

WHEREFORE, Counterclaim-Plaintiffs Catherine A. Hendryx, Michael Rigdon, and Premeir Food Services, LLC pray this Court enter judgment in their favor in an amount they prove plus attorneys' fees and all other just and proper relief.

Respectfully submitted,

By: */s/ Christopher C.T. Stephen*
     Christopher C.T. Stephen
     Michael J. Alerding
     Scott A. Kreider
     *Attorneys for Defendants, Michael Rigdon*
     *(a/k/a Mike Rigdon), Catherine Hendryx (a/k/a*
     *Cathy Hendryx), and Premeir Food Services*
     *(a/k/a Premiere Foodservices, LLC) and Coney*
     *Island Custard & Dogs*

ALERDING CASTOR HEWITT, LLP
47 S. Pennsylvania Street, Suite 700
Indianapolis, IN 46204
Phone: (317) 829-1910
Fax:  (317) 423-2089
cstephen@alerdingcastor.com
malerding@alerdingcastor.com
skreider@alerdingcastor.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of May, 2011, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy of this filing was also served on the following parties via United States First Class Mail, postage prepaid:

Bart A. Karwath
bkarwath@btlaw.com
Jennifer L. Schuster
jschuster@btlaw.com
*Attorneys for Plaintiff TRUFOODS, LLC*

     */s/Christopher C.T. Stephen*
     Christopher C.T. Stephen