UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUFOODS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:11-cv-0446-JMS-TAB |
| | ) |
| MICHAEL RIGDON, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS**

**I.    Introduction**

The slow pace of discovery in this case—mostly due to Defendants' repeated failure to meet discovery deadlines and attend Court-scheduled telephonic status conferences—has led Plaintiff to move for sanctions. Plaintiff asserts that the appropriate sanction against Defendants is default on Plaintiff's claims and dismissal of Defendants' counterclaims. Plaintiff also seeks an award of fees and expenses associated with bringing this motion. For the reasons below, the Magistrate Judge recommends that Plaintiff's motion [Docket No. 59] be granted in part and denied in part.

## II.     Background

This case began with four Defendants: Michael Rigdon, Catherine Hendryx, Premier Food Services, LLC, and Coney Island Custard & Dogs, LLC.[1]  [Docket Nos. 1, 9.]  Plaintiff's claims involve unfair competition, breach of contract, enforcement of guarantees, and trademark and tradedress infringement.  [*Id.*]  Rigdon, Hendryx, and Premier Food responded to this lawsuit with counterclaims alleging fraudulent inducement, violations of the Indiana Franchise Disclosure Act, and violations of the Indiana Deceptive Franchise Practices Act.  [Docket No. 30.]

On July 27, 2011, the parties appeared by counsel for an initial pretrial conference to discuss discovery, settlement, and other related matters, and Plaintiff served Defendants with discovery.  [Docket Nos. 43, 47.]  On August 12, 2011, Defendants failed to appear for a telephonic status conference and the Court ordered Defendants to personally appear before the Court on August 29, 2011.  [Docket No. 44.]  On August 29, 2011, Premier Food and Coney Island appeared by counsel and Rigdon appeared *pro se*.  [Docket Nos. 47, 56.]  The Court discharged its show cause order.  [Docket No. 47.]  During the August 29 conference, counsel for Premier Food and Coney Island renewed their motion to withdraw as Defendants' counsel and the Court granted this motion.  [*Id.*]  The Court concluded the conference by noting that "Defendants' response to Plaintiff's discovery request originally served on July 27, 2011, and reserved on Defendant Rigdon at the hearing, are due on or before September 19, 2011."  [*Id.*]

On September 19, 2011, Rigdon apparently contacted Plaintiff's counsel and claimed to

---

[1] Technically, Coney Island was not an original Defendant but was joined five days later in Plaintiff's amended complaint.  [Docket No. 9.]

2

have difficulties retrieving documents from his computer and requested until September 23, 2011, to produce documents. [Docket No. 59 at 2.] Defendants failed to produce documents on or before September 23, 2011. [*Id.*] On September 30, 2011, the Court held another telephonic status conference, noting that "Hendryx has not appeared for multiple conferences, and the Defendants failed to comply with this Court's order to respond to Plaintiff's overdue discovery by September 19, 2011." [Docket No. 56.] The Court then enlarged "this discovery deadline one additional time, to October 14, 2011." [*Id.*] On October 14, 2011, Rigdon produced fourteen documents and provided unsigned responses to Plaintiff's discovery requests. [Docket No. 59 at 2; Docket No. 60-1.] Hendryx, Coney Island, and Premier Food failed to produce any discovery. [Docket No. 59 at 2.]

On November 4, 2011, Plaintiff moved for sanctions requesting default and dismissal "on all claims and counterclaims in this case, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), and [an] award . . . [of] reasonable fees and expenses in bringing this Motion under Fed. R. Civ. P. 37(b)(2)(C)." [Docket No. 59 at 2.] Defendants did not respond to Plaintiff's motion. On November 7, 2011, the Court granted Plaintiff's motion for entry of default against Coney Island and Premier Food after they failed to retain counsel in this matter. [Docket No. 62.] In a separate order, the Court dismissed Premier Food's counterclaims for failure to retain counsel and prosecute. [Docket No. 61.] Rigdon and Hendryx are the remaining Defendants.

## III. Discussion

### *1. Default and dismissal*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), courts have the power to impose appropriate sanctions for discovery violations. *e360 Insight, Inc. v. Spanhaus Project*,

3

658 F.3d 637, 642 (7th Cir. 2011). Courts are given "wide latitude in fashioning appropriate sanctions," but the sanctions must be reasonable under the circumstances. *Id.* Among the Rule 37(b) sanctions, default and dismissal are the harshest sanctions. *1100 West, LLC v. Red Spot Paint & Varnish Co., Inc.*, No. 1:05-cv-1670-LJM-JMS, 2009 WL 1605118, at *35 (S.D. Ind. June 5, 2009). Default and dismissal for a discovery violation therefore should only be imposed if there is "a showing of willfulness, bad faith, or fault." *e360 Insight*, 658 F.3d at 642.

Plaintiff argues that Defendants' repeated pattern of disregarding discovery deadlines and court orders is sufficient to establish bad faith and willfulness. [Docket No. 60 at 6.] Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992); *see also Maynard v. Nygren*, 332 F.3d 462, 470 (7th Cir. 2003). Similarly, "willfulness is shown in a party's continuing disregard for the litigation or for the procedures of the court." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Hendryx has disregarded multiple Court orders and discovery deadlines. She did not appear for the initial pretrial or any telephonic status conference. She also failed to respond to Plaintiff's discovery requests despite being served on July 27, 2011, and given multiple extensions. Hendryx's track record demonstrates she acted willfully and in bad faith. However, before imposing default or dismissal, the Court must consider whether lesser sanctions would be appropriate. *Maynard*, 332 F.3d at 468. Under the circumstances in this case, it is not likely that monetary sanctions would effectively deter Hendryx since she is proceeding *pro se* and does not attempt to defend against Plaintiff's request for damages. *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("Monetary sanctions are generally not as effective against a pro se plaintiff

4

proceeding as pauper."). Neither dismissing Hendryx's counterclaims, or limiting evidence are options that, by themselves, are adequate in light of Hendryx's complete abandonment of this litigation. Moreover, Hendryx has severely prejudiced Plaintiff by failing to attend Court proceedings and participate in discovery. Accordingly, both remedies are appropriate. The Magistrate Judge therefore recommends that default be entered against Hendryx and that her counterclaims be dismissed.

With respect to Rigdon, he produced fourteen documents on October 14. Nevertheless, Plaintiff claims that the only reason the Court extended Rigdon's discovery deadline was because he was having trouble retrieving documents from his computer, documents which Plaintiff contends still have not been produced. [Docket No. 60 at 6.] Plaintiff's argument, however, is not entirely consistent with the facts before the Court. Prior to Rigdon's computer complications he had not produced any documents, the Court then extended the discovery deadline to October 14, and on October 14, Rigdon produced fourteen documents. Assuming that the Court extended the discovery deadline so that Ridgon could retrieve documents from his computer,[2] Plaintiff has not provided any evidence suggesting that the documents Rigdon produced did not actually come from his computer.[3]

Plaintiff further claims that Rigdon acted willfully and in bad faith because:

---

[2]Plaintiff does not cite to any docket entry in which the Court stated or reasoned that the extension was based on Rigdon's computer complications.

[3]While some documents are handwritten, several other documents clearly came from a computer.

> Rigdon either claims to have no responsive documents or simply claims to have given all responsive documents to his former counsel Mr. Stephen and appears to have not produced any such documents, despite the fact that such documents are still within his control and despite never raising this issue as a reason Defendants could not provide responsive documents at any prior hearing.

[Docket No. 60 at 4.] Plaintiff, however, has not provided the Court with any evidence or basis to suggest that Rigdon willfully withheld documents or acted in bad faith. While Plaintiff points out several flaws in Rigdon's production [Docket No. 60 4–5], these flaws only demonstrate that Rigdon was not as thorough, diligent, and responsible as he could have been in responding to Plaintiff's requests. For example, Rigdon claims "there are no documents" concerning "painting of the roof at Coney Island Custard" and "signage and/or changes you made to signage at Coney Island Custard." It is unreasonable to believe that there is not at least an invoice related to these requests. It is also unreasonable to believe that Rigdon did not keep one of the most important documents for Premier Food, the franchise agreement. [*See* Docket No. 60-1 at 5.] Moreover, Rigdon cannot simply respond by asserting that his former counsel is in possession of certain documents. It is his responsibility to get those documents from Stephen and produce them. Finally, while Rigdon should have produced more documents in response to Plaintiff's request for "all documents concerning your operation of Coney Island Custard," it is understandable that a *pro se* litigant might not completely respond to such an overly broad request.[4]

Despite these flaws, Rigdon nonetheless attempted to comply with his discovery obligations by producing fourteen documents. Plaintiff has not demonstrated that these inadequate responses are a result of wilfulness or bad faith. Rigdon's shortcomings are

---

[4]Plaintiff's concerns with Rigdon's response to requests one, three, ten, and eleven [*see* Docket No. 60 at 4], are not supported with any evidence or explanation suggesting that documents exist.

disruptive to the legal process and burdensome, but not atypical of a *pro se* litigant struggling to comply with his discovery obligations. And despite these problems, Rigdon continues to appear when required by the Court and at least attempted to comply with Plaintiff's discovery requests. Default and dismissal are therefore too harsh of a sanction for Rigdon. Accordingly, the Magistrate Judge recommends that Plaintiff's motion be denied with respect to Plaintiff's request for default and dismissal against Rigdon.

        2.       *Fees and expenses*

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff requests fees and expenses associated with bringing this motion. [Docket No. 59 at 2.] Federal Rule of Civil Procedure 37(b)(2)(C) provides that:

> Instead of or in addition to the order above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust.

Since Hendryx has not complied with any Court orders or discovery deadlines, and Rigdon failed to comply with the September discovery deadline and then inadequately responded to Plaintiff's discovery requests on October 14, the Magistrate Judge recommends that Hendryx and Rigdon pay Plaintiff's reasonable expenses, including attorney's fees. *See Logan v. Gary Cmty. Sch. Corp.*, No. 2:07-cv-431-JVB-PRC, 2009 WL 187811, at *2 (N.D. Ind. 2009).

**IV.**    **Conclusion**

For the reasons above, the Magistrate Judge recommends that Plaintiff's motion [Docket No. 59] be granted in part and denied in part. Default should be entered against Hendryx and her counterclaims should be dismissed with prejudice. Should this Report and Recommendation be adopted, Rigdon shall produce any additional documents responsive to the inadequacies outlined

above within twenty-one days from the date of adoption, and Plaintiff shall submit its fee petition to the Court within fourteen days from the date of adoption. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated: 02/02/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Premeir Food Services, LLC
c/o Catherine A. Hendryx
Registered Agent
15422 Kilburn Court
Westfield, Indiana 46074

Catherine Hendryx
15422 Kilburn Court
Westfield, Indiana 46074

Michael Rigdon
15422 Kilburn Ct.
Westfield, IN 46074

Coney Island Custard & Dogs LLC
c/o Michael Rigdon
Registered Agent
15422 Kilburn Court
Westfield, IN 46074